EXHIBIT 1

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $115,000.00 | 09-25-2017 | 03-01-2018 | 5245354 | 60 | | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** KENNETH RAY PIERCE DBA: PIERCE FARM
3129 BAY BRANCH ROAD
SYLVANIA, GA 304670000

**Lender:** BANK OF NEWINGTON
224 Walton Street
Newington, GA 30446
(912) 857-4466

**Principal Amount: $115,000.00** **Interest Rate: 9.500%** **Date of Note: September 25, 2017**

**PROMISE TO PAY. KENNETH RAY PIERCE ("Borrower") promises to pay to BANK OF NEWINGTON ("Lender"), or order, in lawful money of the United States of America, the principal amount of One Hundred Fifteen Thousand & 00/100 Dollars ($115,000.00) or so much as may be outstanding, together with interest on the unpaid outstanding principal balance of each advance, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 9.500% per annum. Interest shall be calculated from the date of each advance until repayment of each advance. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.**

**PAYMENT. Borrower will pay this loan in one payment of all outstanding principal plus all accrued unpaid interest on March 1, 2018. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any late charges. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.**

**INTEREST CALCULATION METHOD. Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year (366 during leap years), multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.**

**PREPAYMENT.** Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments. Rather, early payments will reduce the principal balance due. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. **All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: BANK OF NEWINGTON, 224 Walton Street Newington, GA 30446.**

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged **5.000% of the unpaid portion of the regularly scheduled payment or $500.00, whichever is less, regardless of any partial payments Lender has received.**

**INTEREST AFTER DEFAULT.** Upon default, at Lender's option, and if permitted by applicable law, Lender may add any unpaid accrued interest to principal and such sum will bear interest therefrom until paid at the rate provided in this Note. Upon default, the total sum due under this Note will continue to accrue interest at the interest rate under this Note.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The death of Borrower or the dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's costs of collection, including court costs and fifteen percent (15%) of the principal plus accrued interest as attorneys' fees, if any sums owing under this Note are collected by or through an attorney at law, whether or not there is a lawsuit, and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Georgia without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Georgia.**

**CHOICE OF VENUE.**. If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Screven County, State of Georgia.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**COLLATERAL.** Borrower acknowledges this Note is secured by Purchase Money Security Interest in all 2017 Crops and Farm Products; whether any of the foregoing is owned now or acquired later; whether any of the foregoing is now existing or hereafter raised or grown; all accessions, additions, replacements, and substitutions relating to any of the foregoing (including all entitlements, rights to payment, and payments, in whatever form received, including but not limited to, payments under any governmental agricultural diversion programs, governmental agricultural assistance programs, the Farm Services Agency Wheat Feed Grain Program, and any other such program of the United States Department of Agriculture, or any other general intangibles or programs); all records of any kind relating to any of the foregoing. See Exhibit "A" attached hereto and by reference made a part hereof.

Additional to Security now Held: All Farm Equipment; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing. See Exhibit "B" attached hereto and by reference made a part hereof.

Additional to Security Now Held:

Deed to Secure Debt(Dated 03/14/2016) See Exhibit "C" attached hereto and by reference made a part hereof. (Farmland)

A First Position on a 118.58 acre parcel and a 4.31 acre parcel on Bay Branch Rd, Sylvania, Georgia. Also, known as the Frazier Place.

5-Tower Lindsay Zimmatic Irrigation System. Serial No: LC5872; All parts, pipes, electrical wiring and components associated with this system. Located on 118.58 acres/ 4.31 acres at Bay Branch Rd, Sylvania, GA 30467-Parcel 025 022 / Parcel 025 023A: Frazier Place

A Second Position on a 100.90 acre Parcel on Bay Branch Rd, Sylvania, Georgia. Also, known as the Ruben Rahn Place.
4-Tower 9500 Lindsay Zimmatic Irrigation System Serial No: LD1792; All parts, pipes, electrical wiring and components associated with this system.
Located on 100.90 Acres on Bay Branch Rd, Sylvania, GA - Parcel 025-026A - Ruben Rahn Place.

Additional to Security Now Held:
Deed to Secure Debt(Dated 08/15/2014)

**PARCEL ONE:**
All that certain tract or parcel of land situate, lying and being in the 80th GMD of Screven County, Georgia, containing one and twenty two one-hundredth (1.22) acres as shown on a plat of survey dated May 12, 1993 and recorded in Plat Book 27,page 162 of Screven County Records. Said property is bounded now or formerly as follows: On the North, South and West by lands of Sol B. Bragg; and East by the Bay Branch County Road.

Subject to that Security Deed from Ken Pierce to Home Mortgage USA, a Washington Corporation dated March 26, 1998, filed of record on April 9, 1998 in Deed Record Book 260, Page 111; Assignment of Security Deed from Ken Pierce to INMC Mortgage Holdings, Inc., a Delaware Corporation (as receiver for Home Mortgage USA) dated March 24,1998, filed of record on April 9, 1998 in Deed Book 260, Page 120; Corporation Assignment of Deed of Trust/Mortgage from Ken Pierce to IndyMac, filed of record on May 24, 1999 in Deed Record Book 271, Page 855; Assignment of Mortgage/Deed from Ken Pierce to Federal Deposit Insurance Corporation as receiver for IndyMac Federal Bank dated May 9, 2010, filed of record on June 8, 2010 in Deed Record Book 408, Page 652; Assignment of Security Deed from Ken Pierce to Onewest Bank, FSB (Assignor) to Ocwen Loan Servicing, LLC (Assignee) dated October 16,2013, filed of record on October 25,2013 in Deed Book 439, Page 428,aforesaid records.

This property is more commonly known as 3129 Bay Branch Road, Screven County, Georgia; with the Parcel Identification No.: 023-023C.

**PARCEL TWO:**
All that certain tract or parcel of land situate lying and being in the 80lh G.M. District of Screven County, Georgia, containing 159.74 acres, as shown on that certain plat of survey prepared by Warren E. Poythress, GRLS No. 1953, dated February 7, 2011 and recorded in Plat Book 35, Page 40-A, Screven County, Georgia Records. The Poythress plat is by reference expressly incorporated herein for a more complete and accurate description of said property. This is a portion of that property conveyed by Executor's Deed dated January 6, 1995 from the Estate of Sol B. Bragg to James C. Bragg and recorded in Deed Book 235, Page 20, Screven County, Georgia Records.

This property is more commonly known as 159.74 acres on Bay Branch Road, Screven County, Georgia; Consisting of Parcel Identification No.: 023-023H.

**LINE OF CREDIT.** This Note evidences a straight line of credit. Once the total amount of principal has been advanced, Borrower is not entitled to further loan advances. Advances under this Note may be requested only in writing by Borrower or as provided in this paragraph. All communications, instructions, or directions by telephone or otherwise to Lender are to be directed to Lender's office shown above. The following person or persons are authorized, except as provided in this paragraph, to request advances and authorize payments under the line of credit until Lender receives from Borrower, at Lender's address shown above, written notice of revocation of such authority: **KENNETH RAY PIERCE, Individually.**

It is further agreed, that all disbursement requests must be submitted for approval with an invoice. Disbursement will only be made directly to the Company or Supplier providing the Services. Any and all disbursements will be made at the discretion of the Bank of Newington.. Borrower agrees to be liable for all sums either: (A) advanced in accordance with the instructions of an authorized person or (B) credited to any of Borrower's accounts with Lender. The unpaid principal balance owing on this Note at any time may be evidenced by endorsements on this Note or by Lender's internal records, including daily computer print-outs.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Borrower may notify Lender if Lender reports any inaccurate information about Borrower's account(s) to a consumer reporting agency. Borrower's written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: BANK OF NEWINGTON 224 Walton Street Newington, GA 30446.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties waive any right to require Lender to take action against any other party who signs this Note as provided in O.C.G.A. Section 10-7-24 and agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

THIS NOTE IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS NOTE IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.

**BORROWER:**

X_____(Seal)
   **KENNETH RAY PIERCE**


**LENDER:**

**BANK OF NEWINGTON**


X_____
   Harold Eugene Sheppard, III, President

# EXHIBIT "A"

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $115,000.00 | 09-25-2017 | 03-01-2018 | 5245354 | 60 | | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** KENNETH RAY PIERCE DBA: PIERCE FARM
3129 BAY BRANCH ROAD
SYLVANIA, GA 304670000

**Lender:** BANK OF NEWINGTON
224 Walton Street
Newington, GA 30446
(912) 857-4466

Attached to and made a part of the Security Agreement of KENNETH RAY PIERCE dated September 25, 2017 covers the "proceeds and products" of the collateral described and "the disposition of the collateral is not authorized hereby".

Covers all Government Payments and Programs: All payments, accounts, general intangibles, or other benefits (including, but not limited to, payments in kind, deficiency payments, letters of entitlement, warehouse receipts, storage payments, emergency assistance payments, diversion payments, and conservation reserve payments) in which I now have and in the future may have any rights or interest and which arise under or as a result of any preexisting, current or future Federal or state governmental program (including, but not limited to, all programs administered by the Commodity Credit Corporation and the FSA).

Any and all insurance proceeds from crop casualty insurance.

Leases and Assignments of Rents. Grantor shall faithfully perform the covenants of Grantor as lessor under any present and future leases, affecting all or any portion of the Premises, and neither do, nor neglect to do, nor permit to be done, anything which may cause the termination of said leases, or any of memo or which may diminish or impair their value, or the rents provided for therein, or the interest of Grantor or Grantee therein or thereunder. Grantor, without first obtaining the written consent of Grantee thereto, shall not (a) assign the rents, or any part thereof, from the Premises, (b) consent to the cancellation or surrender of any lease of the Premises, or any part thereof, now existing or hereafter to be made, (c) modify any such lease so as to shorten the unexpired term thereof, or so as to decrease the amount of the rent payable there under, or (d) collect rents from the Premises for more than one month in advance. Grantor shall procure and deliver to Grantee at the time of executing this deed, or any time within thirty (30) days after notice and demand, estoppel letters or certificates from each lessee, tenant or occupant in possession of the Premises, as required by, and in form and substance satisfactory to, Grantee and deliver to Grantee a recorded assignment of all of the lessor's interest in said leases, in form and substance satisfactory to Grantee (in addition to the conveyance hereunder), and proof of due service of a copy of said assignment on each lessee, either personally or by prepaid registered mail, return receipt

Grantor hereby absolutely assigns and transfers to Grantee all the rents, issues and profits of the Premises, and hereby gives to and confers upon Grantee the right, power and authority to collect such rents, issues and profits. Grantor irrevocably appoints Grantee its true and lawful attorney-in-fact, at the option of Grantee at any time and from time to time, to demand, receive and enforce payment, to give receipts, releases and satisfactions, and to sue, in the name of Grantor or Grantee, for all such rents, issues and profits and apply the same to the Secured Indebtedness; provided, however, that Grantor shall have the right to collect such rents, issues and profits (but not more than one month in advance) prior to the occurrence of any event of default under this deed. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise.

A purchase security interest in all of the Debtor's 2017 crops growing or to be grown in any crop year, whether harvested or unharvested (including, but not limited to, corn, soybeans, wheat, alfalfa, milo, cotton or peanuts, all owned or hereafter acquired products of such crops in their unmanufactured state and all owned or hereafter acquired warehouse receipts or other documents (negotiable or nonnegotiable) issued for storage of such crops; all now owned or hereafter acquired entitlements and payments (whether in cash or in kind) arising under governmental agricultural subsidy, deficiency, conservation, disaster or similar programs, all now owned or hereafter acquired seed, chemicals, fertilizer and other supplies.

2017 FSA Farm Tract Numbers (All in Screven County)

| Owner | Tract Number | Acres | Irrigated Acres |
|---|---|---|---|
| Parker Place | 3628 | 245 | 220 |
| Gary Wommack | 889 | 70 | 70 |
| Bickle Thomas | 3409 | 272 | 128 |
| Bragg Estate | 2950 | 125 | 70 |
| Rewcastle | 2983 | 80 | 60 |
| Ken Pierce | 3819 | 20 | 10 |
| Ken Pierce | 3854 | 159 | 159 |
| Ken Pierce | 3879 | 100 | 60 |
| Ken Pierce | 3877 | 118 | 105 |
| Phil Hunt | 2766 | 10 | |
| Ruben Rahn | 3878 | 40 | |
| Larry Newton | 3980 | 110 | 100 |

**BORROWER:**

X_______________________________________ (Seal)
KENNETH RAY PIERCE

Kenneth Ray Pierce d/b/a Pierce Farm
Faye B. Pierce
Exhibit "B"

| Tractors Combines and Doziers | Hours | Serial Number |
|---|---|---|
| John Deere 8320R | 2967 | 1RW8320RHAP014007 |
| along with front and real duals, quick hitch, and all weights | | |
| John Deere 4730 Sprayer | | N04730X005035 |
| John Deere 9660 Combine | | H09660S712104 |
| John Deere 8345R | 3579 | 1RW8345RKAD006244 |
| along with front and real duals, quick hitch, and all weights | | |
| John Deere 650H LGP Bulldozier | 6254 | T0650HX879529(MP) |
| Amadas 9900 | | 380344 |
| Amadas 2100 | | 380268 Head 450152 |
| Amadas 2100 | | JLD4 (MP) Head 420666 |

(MP) denotes missing number or ID plate

| Implements | Serial Number |
|---|---|
| John Deere 637 Harrow | N00637X001661 |
| Unverferth 5225 Grain Cart | D52030114 |
| Degelman Dirt Blade LL3650 | 4535 |
| John Deere 200 Seedbed Finisher | N00200X001595 |
| KMC 13 Shank V Ripper | 1236 (MP) |
| John Deere 925 Grain Table | H00925F666748 |
| Green Trailer under JD925 | (MP) |
| John Deere 1700 Planter/KMC Subsoiler | 1A01700TKD0755108 |
| John Deere 1720 Planter | 1A01720REAT740211 |
| Rear Fold 60 ft. Sprayer | (MP) |
| Adams fertilizer Tender | S5 1599 |
| John Deere 965 Bottom Plow | P00965X001137 |
| KMC Peanut Plow | 69390 |
| KMC 6-38 Peanut Plow | 82313 |
| KMC Shaker | 78-016 |
| Homemade Peanut Planter | (MP) |
| 18 ft. & 20ft. Tandem axle trailers | (MP) |
| KMC 28 ft. Cultivator | (MP) |
| John Deere HX14 Mower | (MP) |
| Vans 1600 gal Nurse Tank Honda Motor | V 22722 |
| Harrell Stalk Chopper | (MP) |
| Hudson Gooseneck Trailer | 10HHTD1D721000115 |

Page (1)

| Equipment | Serial Number |
|---|---|
| KBH ST350 Seed Tender | ST50248 |
| Synder 1600 gal. Nurse Tank | 358 (MP) |
| KMC12RowBedder | 64409 |
| Sucup 12 Row Cultivator 9400 | (MP) |
| BBI Fertilizer Spreader | P3463 |
| John Deere 1290 Corn Head | H01290X710725 |
| KMC 12 Row Cultivator | 64273 |
| Amadas 6525 Header | 390245 |
| Amadas Header Trailer | A35411 |
| 1000 gal Nurse Tank | 2785 |

| Irrigation Systems | | Serial Number |
|---|---|---|
| Zimmatic Lindsay (Home Place) | 4 tower | LC5871 |
| Zimmatic Lindsay (Home Place) | 4 tower | LB2893 |
| Zimmatic Lindsay (Frazier Place) | 5 tower | LC5872 |
| Zimmatic Lindsay (Ruecastle Place) | 4 tower | LB7424 |
| Zimmatic Lindsay (Sol Bragg Place) | 3 tower | LB3189 |
| Zimmatic Lindsay (Gas Line) | 3 tower | (MP) |
| Zimmatic Towable 307 | 4 tower | L14683 |
| Zimmatic 307 | 4 tower | L14799 |

All Farm Equipment and Fixtures; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing.

_____
Kenneth Ray Pierce

_____
Faye B. Pierce

**Loan #5245354**
**Loan Date:09/25/2017**
**Loan Name: Kenneth Ray Pierce d/b/a Pierce Farm**

Page (2)

# EXHIBIT "C"

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $115,000.00 | 09-25-2017 | 03-01-2018 | 5245354 | 60 | | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** KENNETH RAY PIERCE DBA: PIERCE FARM
3129 BAY BRANCH ROAD
SYLVANIA, GA 304670000

**Lender:** BANK OF NEWINGTON
224 Walton Street
Newington, GA 30446
(912) 857-4466

TRACT ONE: All that certain tract or parcel of land lying, situate and being in the 80th G. M. District of Screven County, Georgia, containing 100.90 acres, as shown on a plat prepared by Warren E. Poythress, Registered Land Surveyor, dated February 6, 2014, recorded in Plat Book 35, Page 78D, Screven County Records; said property being bound now or formerly as follows: North by lands of Betty A. Smith and lands of Marsha Zeagler, Trustee; East and Southeast by the right-of-way line of Bay Branch Road; and West and Southwest by lands of Southern Natural Gas, the right-of-way line of Old Bay Branch Road, and the right-of way line of Sassertown Road. The aforesaid plat and the description thereon are by reference incorporated herein and made a part of this description.

Tract One is designated as Tax Parcel No. 025-026A on the records maintained by the Tax Assessor of Screven County, Georgia.

TRACT TWO: All that certain tract or parcel of land lying, situate and being in the 80th G. M. District of Screven County, Georgia, designated as Parcel 2, containing 4.31 acres, as shown on a plat prepared by Warren E. Poythress, Registered Land Surveyor, dated January 30, 2014, recorded in Plat Book 35, Page 84A, Screven County Records; said property being bound now or formerly as follows: North by lands of Ken Pierce; Southeast by lands of Lamar E. Zipperer and Lorraine B. Zipperer; and West by lands of Ken Pierce. The aforesaid plat and the description thereon are by reference incorporated herein and made a part of this description.

Tract Two is designated as Tax Parcel No. 025-023A on the records maintained by the Tax Assessor of Screven County, Georgia.

TRACT THREE: All that certain tract or parcel of land lying, situate and being in the 80th G. M. District of Screven County, Georgia, designated as Parcel C, containing 172.8 acres, as shown on a plat prepared by Robert L. Bell, Registered Land Surveyor, dated August 25, 1965, amended December 15, 1985, recorded in Plat Book 22, Page 206, Screven County Records; said property being bound now or formerly as follows: North by lands of Ruth Brinson; East by lands of Bernard C. Zeagler and Parcel B3 of the aforesaid plat; South by Parcel B3 and Parcel D of the aforesaid plat; and West by the right-of-way line of a County Road and Parcel D of the aforesaid plat. The aforesaid plat and the description thereon are by reference incorporated herein and made a part of this description. LESS AND EXCEPT FROM TRACT THREE: All that certain tract or parcel of land lying, situate and being in the 80th G. M. District of Screven County, Georgia, designated as Parcel 1, containing 50.17 acres, as shown on a plat prepared by Warren E. Poythress, Registered Land Surveyor, dated January 30, 2014, recorded in Plat Book 35, Page 84A, Screven County Records; said property being bound now or formerly as follows: North by lands of Glenda B. Wallace; East by the centerline of Zeigler Loop County Road; South by lands of Lamar E. Zipperer and Lorraine B. Zipperer; and West and Southwest by lands of Ken Pierce. The aforesaid plat and the description thereon are by reference incorporated herein and made a part of this description.

Tract Three is designated as Tax Parcel No. 025-022 on the records maintained by the Tax Assessor of Screven County, Georgia.

Tract One is conveyed subject to a prior Security Deed from Ken Pierce to Ruben H. Rahn dated March 13, 2014, recorded in Deed Book 442, Pages 650-654, Screven County Records, securing a loan in the original principal sum of $290,000.00..

BORROWER:

X____________________________________(Seal)
KENNETH RAY PIERCE

LaserPro, Ver. 17.3.0.019 Copr. D+H USA Corporation 1997, 2017. All Rights Reserved. - GA H:\CFI\LPL\G60.FC TR-4219 PR-16