**IT IS ORDERED as set forth below:**



**Date: January 22, 2018**

_____
Edward J. Coleman, III
United States Bankruptcy Court Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA

In re:

|  |  |  |
|---|---|---|
|  | ) | **Chapter 12** |
| **KENNETH R. PIERCE,** | ) | **Case No. 17-60154-EJC** |
|  | ) |  |
| **Debtor.** | ) |  |

### CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION
### OF CENLAR BANK FSB

Cenlar Bank FSB (hereinafter "Cenlar") having filed an Objection to Confirmation (Docket #144) to the Chapter 12 Plan of Debtor Kenneth R. Pierce (hereinafter "Debtor"), and it appearing that the parties consent to the entry of this Order to resolve the objection, it is hereby stipulated and agreed by the parties as follows:

1. The parties acknowledge that Pierce v. Cenlar et al., Adversary Proceeding 17-06005-EJC (hereinafter "the AP") is pending before this Court, in which Debtor contends that the security deed held by Lakeview Loan Servicing, LLC (hereinafter, "Lakeview") against Debtor's principal residence commonly known as 3129 Bay Branch Road, Sylvania, Georgia 30467 (hereinafter, the "Property") either be avoided or stripped off such that the claim of Lakeview Loan Servicing, LLC may be deemed unsecured. Cenlar opposes the relief requested by Debtor in the AP, and the matter is unresolved at this time.

2. While the AP is pending, Debtor shall pay the amount of the regular monthly mortgage payment of Lakeview's loan in the amount of $786.14/month beginning February 1, 2017 and continuing on the first of each month thereafter until the conclusion of the AP or as otherwise may be ordered by the Court.  Said payments shall be made payable to James C. Overstreet, Jr., Chapter 12 Trustee, to be held in escrow until resolution of the AP or as otherwise may be ordered by the Court. Said payments shall be made on a strict compliance basis.  Should payments not be received by the Trustee on or before the 15th day of each month, Cenlar may serve a Notice of Default upon the Debtor and Debtor's counsel via First Class U.S. Mail.  If the default is not cured by the Debtor within ten (10) business days after the date of service of the Notice of Default, Cenlar may file a Notice of Default requesting dismissal of Debtor's Chapter 12 case, subject to Debtor's right to respond to said Notice.  The strict compliance provisions herein shall expire upon the conclusion of the AP.

3. Debtor also shall pay the sum of $7,075.26, which represents nine post-petition mortgage payments, to the Chapter 12 Trustee to be held in escrow.  Said funds shall be paid to the Chapter 12 Trustee no later than July 9, 2018.

4. If the AP is still pending and unresolved by December 1, 2018, the Chapter 12 Trustee shall be authorized to disburse funds to the Screven County Tax Commissioner to pay the 2018 property taxes as may be due on the Property.  Debtor shall provide a copy of the bill for the applicable 2018 property taxes to the Chapter 12 Trustee and the undersigned counsel for Cenlar upon receipt of said bill.

5. If the Court determines in the AP that Lakeview's claim is unsecured, then Lakeview, by and through Cenlar, shall be paid as an unsecured claim as set forth in Debtor's Second Amended Plan (Docket #139, Page 16 of 24) (hereinafter "Plan"), and funds being held in escrow pursuant to the terms of this order by the Chapter 12 Trustee at the conclusion of the AP shall be applied to payments due under Debtor's Plan or as otherwise may be ordered by the Court.

6. If the Court determines in the AP that Lakeview's claim is secured, then Debtor shall resume regular monthly payments to Lakeview, by and through Cenlar, as may be due pursuant to the terms of the mortgage, and the Chapter 12 Trustee shall be authorized to disburse funds held pursuant to this order to Cenlar, or as otherwise may be ordered by the Court.  If Lakeview's claim is determined secured in the AP, Debtor also shall pay the pre-petition arrears in Lakeview's claim in the amount of $924.77 within six months of an order resolving the AP or as otherwise may be ordered by the Court, and Lakeview shall be entitled to amend its claim to include any additional unpaid post-petition interest and attorney's fees that may have come due subject to 11 U.S.C. § 506 and Fed. R. Bank. P. 3002.1 and Debtor's right to object to the reasonableness of said fees.

IT IS ORDERED that the objection to confirmation of Cenlar shall be deemed resolved in full by the terms outlined herein, and said terms shall be incorporated in full by reference in Debtor's Second Amended Chapter 12 Plan.

[END OF DOCUMENT]

Order prepared by:

/s/ Kimberly S. Ward
Kimberly S. Ward
Georgia Bar No. 682042
Attorney for Debtor
P.O. Box 1064
Statesboro, GA  30459
912-764-9616
hlfpcbankruptcy@hotmail.com

Consented to by:

/s/ Kelsea L.S. Laun
Kelsea L.S. Laun
Georgia Bar No. 141960
Attorney for Cenlar Bank FSB
3780 Mansell Road, Suite 140
Alpharetta, GA  30022
678-280-1922
kelsea.laun@gilroyfirm.com